UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFREY HILL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AIRGAS USA LLC, et al.,<br><br>Defendants. | Case No. 2:25-cv-01531<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

## I.    INTRODUCTION

This case is one of many putative class actions brought under the pay transparency provisions of Washington's Equal Pay and Opportunities Act (EPOA), RCW 49.58.110. That statute requires employers to disclose in their job postings "the wage scale or salary range" and "a general description of all of the benefits and other compensation to be offered to the hired applicant." RCW 49.58.110(1). Before the Court is plaintiff Jeffrey Hill's ("Hill") motion to remand this case to the Superior Court of King County, Washington. Dkt. 11. Because Hill lacks standing under Article III of the U.S. Constitution to pursue his claims in federal court—but may pursue them in Washington state court—the motion is GRANTED, and this case is REMANDED to King County Superior Court.

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND - 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

## II.    BACKGROUND

Hill initially filed his complaint against defendants Airgas USA, LLC; Airgas Specialty Products, Inc.; and Airgas Safety, Inc. (collectively "Defendants") in King County Superior Court on July 22, 2025. Dkt. 1-2 at 1. Hill alleges that Defendants violated RCW 49.58.110(1), the provision of Washington's Equal Pay and Opportunities Act that requires certain employers to disclose in their job postings the "wage scale or salary range" and a "general description of all the benefits and other compensation to be offered to the hired applicant." Dkt. 1-2 at 1–3. This requirement is intended to reduce pay inequality based on protected characteristics by increasing transparency at the outset of the application process. *See* RCW 49.58.005.

Defendants removed the case to federal court on August 12, 2025, contending that this Court has jurisdiction under 28 U.S.C. § 1332(d), the Class Action Fairness Act of 2005 ("CAFA") and 28 U.S.C. § 1332(a), diversity jurisdiction. Dkt. 1 at 3. Hill filed the instant motion to remand on September 3, 2025. Dkt. 11. Defendants responded on September 24, 2025. Dkt. 14. Hill replied on October 1, 2025. Dkt. 16.

## III.    LEGAL STANDARDS

### A.    Standing

Article III of the U.S. Constitution limits the Court's jurisdiction to "Cases" and "Controversies." U.S. Const. art. III, § 2. For a case or controversy to exist, the party bringing the case must have standing. *Perry v. Newsom*, 18 F.4th 622, 630 (9th Cir. 2021). Standing is "an indispensable part of the plaintiff's case . . . [and] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

The "irreducible constitutional minimum" of Article III standing requires the plaintiff to show these three elements: "(1) [the plaintiff] suffered an injury-in-fact, (2) that is fairly

traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo v. Robins*, 578 U.S. 330, 338 (2016) (citations omitted). "[S]tanding is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek (for example, injunctive relief and damages)." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021).

When a defendant removes a case to federal court but the plaintiff lacks Article III standing, the district court must remand the case to state court. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016); *see* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**B.      Removal Under the Class Action Fairness Act of 2005 ("CAFA")**

"CAFA gives federal courts jurisdiction over certain class actions, defined in [28 U.S.C.] § 1332(d)(1), if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84–85 (2014) (citing 28 U.S.C. § 1332(d)(2), (5)(B)). There is "no antiremoval presumption" in "cases invoking CAFA" jurisdiction." *Id.* at 89. If a plaintiff challenges removal under CAFA, the defendant must establish, "by the preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 88 (quoting 28 U.S.C. § 1446(c)(2)(B)). But "[t]he rule that a removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c) applies as well to a case removed pursuant to CAFA as to any other type of removed case." *Polo*, 833 F.3d at 1196.

**IV.      DISCUSSION**

In support of his motion to remand this case to King County Superior Court, Hill makes three arguments: First, because Hill does not have Article III standing, the Court never had

subject matter jurisdiction, Dkt. 11 at 3–10; second, Defendants have not satisfied the requirements for CAFA jurisdiction, *id.* at 10–12; and lastly, Defendants have not established diversity jurisdiction, *id.* at 12–15.

### A.    Standing

Hill argues that this case must be remanded because Defendants cannot establish subject matter jurisdiction. *Id.* at 3–10. Hill contends that while his complaint pleads a violation of the EPOA, he does not allege the type of concrete harm resulting from the violation that would be required to satisfy Article III standing and bring the case in federal court. *See id.* at 5–6. Because without standing he could not have originally filed suit in federal court, Defendants are similarly prohibited from invoking this Court's subject matter jurisdiction through removal. *See id.* at 4; 28 U.S.C. § 1441 (granting removal jurisdiction over "any civil action brought in a State court of which the district courts of the United States have original jurisdiction"). To support his argument, Hill provides a long list of cases brought under RCW 49.58.110 with similar facts that other courts in this District have remanded. Dkt. 11 at 2.

In response, Defendants argue that Hill's concession that he did not plead injury in fact requires dismissal rather than remand. Dkt. 14 at 17–21. Defendants contend that under the Ninth Circuit's "futility exception," dismissal is warranted because the failure to plead injury in fact defeats standing in Washington state court as well. *See id.* at 18 (citing *Global Rescue Jets, LLC v. Kaiser Found. Health Plan, Inc.*, 30 F.4th 905, 920 n.6 (9th Cir. 2022)). In reply, Hill maintains that the futility exception is no longer good law, and even if it is, standing to sue for a statutory violation under Washington state law is broader than the injury-in-fact analysis of Article III. Dkt. 16 at 3–6.

Hill persuasively argues that this Court must remand his case for lack of subject matter jurisdiction. The Supreme Court has made clear that under Article III, "a plaintiff does not

'automatically satisfy the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1112 (9th Cir. 2017) (quoting *Spokeo*, 578 U.S. at 341). "[E]ven when a statute has allegedly been violated, Article III requires such violation to have caused some real—as opposed to purely legal—harm to the plaintiff." *Id.* Courts in this district have both denied and granted motions to remand based on standing in cases brought under the EPOA's pay transparency provision. What divides the denying and granting of those motions is whether the complaint alleges a simple "violation of a statutory right" or an injury in fact.

Courts have found an injury in fact, for example, when the complaint alleges harm beyond just viewing a job posting or applying for the position. *See, e.g.*, *Moquete v. GNC Holdings, LLC*, No. CV24-05393 BHS, 2024 WL 4553690, at *2 (W.D. Wash. Oct. 23, 2024) ("Because Moquete applied for and obtained a position at GNC, her claims establish injury in fact as required for Article III standing.").

In contrast, motions to remand have frequently been granted when the complaint alleges only the "violation of a statutory right" and no more. *See, e.g.*, *Hill v. Spirit Halloween Superstores LLC*, No. C24-1644 TSZ, 2024 WL 5117460, at *2 (W.D. Wash. Dec. 16, 2024) ("plaintiffs who alleged [solely] statutory violations of [RCW 49.58.110] . . . lacked Article III standing and, as a result, [courts] granted remand"); *Atkinson v. Aaron's LLC*, 733 F. Supp. 3d 1056, 1071 (W.D. Wash. 2024), modified on reconsideration, No. 23-CV-1742-BJR, 2024 WL 3199860 (W.D. Wash. June 26, 2024); *Floyd v. DoorDash, Inc.*, No. 23-CV-1740-BJR, 2024 WL 2325128, at *2 (W.D. Wash. May 22, 2024); *Spencer v. Total Renal Care, Inc.*, No. C24-1359RSM, 2024 WL 4834901, at *3 (W.D. Wash. Nov. 20, 2024); *David v. Herc Rentals Inc.*, No. 24-CV-175-BJR, 2024 WL 2133369, at *5 (W.D. Wash. May 10, 2024); *Perry v. Boeing Co.*, No. 2:24-CV-01000-RSL, 2024 WL 4867023, at *2 (W.D. Wash. Nov. 22, 2024);

*Eggleston v. Bruckner Truck Sales Inc.*, No. C25-1467JLR, 2025 WL 3153503, at \*3 (W.D. Wash. Nov. 12, 2025); *Milito v. Snap Inc.*, No. 2:25-CV-00387-MJP, 2025 WL 1587284, at \*4 (W.D. Wash. June 5, 2025); *Wright v. HP Inc.*, No. 2:24-CV-01261-MJP, 2024 WL 4678268, at \*4 (W.D. Wash. Nov. 5, 2024); *Floyd v. Photon Infotech Inc.*, No. C24-01372-KKE, 2025 WL 3442736, at \*4 (W.D. Wash. Dec. 1, 2025); *Kent v. HCL Techs. Ltd.*, No. C24-1332 MJP, 2024 WL 4825383, at \*3 (W.D. Wash. Nov. 19, 2024); *Spencer v. Walmart Inc.*, No. 23-CV-1793-BJR, 2025 WL 2910569, at \*4 (W.D. Wash. Oct. 14, 2025); *Spencer v. Jeld-Wen Inc.*, No. 23-CV-1757-BJR, 2024 WL 4566581, at \*3 (W.D. Wash. Oct. 24, 2024); *Spencer v. RXO, Inc.*, No. 23-CV-1760-BJR, 2024 WL 2399974, at \*2 (W.D. Wash. May 23, 2024); *Kent v. Tech Mahindra (Americas) Inc.*, No. 24-CV-1168-BJR, 2025 WL 2810715, at \*4 (W.D. Wash. Oct. 3, 2025); *Hein v. Crash Champions, LLC*, No. C24-1176 LK TSZ, 2024 WL 5039900, at \*2 (W.D. Wash. Dec. 9, 2024); *Liu v. Veeva Sys. Inc.*, No. 23-CV-1784-BJR, 2024 WL 4263176, at \*3 (W.D. Wash. Sept. 23, 2024); *Watson v. Deacon Constr., LLC*, No. 24-CV-82-BJR, 2024 WL 3579912, at \*2 (W.D. Wash. July 30, 2024); *Atkinson v. Penney OpCo LLC*, No. 23-CV-1806-BJR, 2024 WL 3579910, at \*2 (W.D. Wash. July 30, 2024).

Courts in this District have also remanded similar claims brought by Hill against other defendants. *See, e.g.*, *Hill v. Les Schwab Tire Ctrs. of Wash. LLC*, No. 24-CV-425-BJR, 2025 WL 3062646, at \*5 (W.D. Wash. Oct. 31, 2025) ("Mr. Hill has failed to plead such an injury. Because a lack of Article III standing implicates the Court's subject matter jurisdiction . . . this case will be remanded to King County Superior Court."); *Hill v. ACV Auctions Inc.*, No. C25-616 MJP, 2025 WL 1582249, at \*3 (W.D. Wash. June 4, 2025) ("Hill has failed to identify a concrete and particularized injury sufficient to satisfy Article III standing. Because the Court lacks subject matter jurisdiction, the Court GRANTS the Motion to Remand.").

Here, Hill applied for a job but did not interview for it, engage in salary negotiations, or otherwise experience concrete harm. Dkt. 1-2 at 6. His case, like others that have been remanded, alleges solely a "violation of a statutory right." *Spencer v. Vera Whole Health, Inc.*, No. C24-337 MJP, 2024 WL 3276578, at *2 (W.D. Wash. July 2, 2024). This is not enough to establish standing under Article III, and without Article III standing, the Court does not have subject matter jurisdiction. *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) ("A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Polo*, 833 F.3d at 1196 (quoting 28 U.S.C. § 1447(c)).

A "narrow 'futility' exception to this general rule" allows a district court to dismiss the case rather than remand it "if there is 'absolute certainty' that the state court would dismiss the action following remand." *Glob. Rescue Jets*, 30 F.4th at 920 n.6 (quoting *Polo*, 833 F.3d at 1197–98). Defendants ask this Court to dismiss Hill's case under this narrow exception. Dkt. 14 at 17. But as in *Polo*, it "is far from clear that a state court would dismiss" Hill's claims. 833 F.3d at 1198. In *Branson v. Washington Fine Wine & Spirits, LLC*, the Washington Supreme Court recently considered what a plaintiff must prove to be considered a "job applicant" entitled to seek remedies under the EPOA. 5 Wn.3d 289, 292 (2025). The *Branson* court held that "a plaintiff must apply to a specific job posting but is not required to prove they are a 'bona fide' or 'good faith' applicant to obtain remedies under the statute." *Id.* Defendants contend that *Branson's* holding "does not change the analysis" because "nothing in the *Branson* decision squarely addressed Washington's injury in fact standing requirement." Dkt. 14 at 22. But even if *Branson* did not directly address standing under Washington state law, its discussion of who is

entitled "to obtain remedies under the statute" is broad enough to preclude a finding by this Court that remand would be futile. *See Branson*, 5 Wn.3d at 292, 295–97, 304–05.

## V.     CONCLUSION

For the reasons explained above, Hill's motion to remand is GRANTED. The Court ORDERS as follows:

1. Pursuant to 28 U.S.C. § 1447(c), all claims brought by Hill are REMANDED to the Superior Court of King County, Washington;

2. Pursuant to 28 U.S.C. § 1447(c), the Clerk shall mail a certified copy of this Order to the Clerk for the Superior Court of King County, Washington; and

3. The Clerk shall transmit the record herein to the Clerk for the Superior Court of King County, Washington.

4. Following remand, the Clerk shall close the case.


Dated this 16th day of December, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND - 8